**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

MICHAEL INGRAM,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 14-4071-MWB
(No. CR 07-4056-2-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE**

_____

**TABLE OF CONTENTS**

*I.*    *INTRODUCTION*..................................................................................*2*
    *A.*    *Criminal Proceedings*..................................................................*2*
    *B.*    *Ingram's § 2255 Motion*.............................................................*4*

*II.*   *LEGAL ANALYSIS* ............................................................................*5*
    *A.*    *Standards For A Motion To Dismiss*.............................................*5*
        *1.*    *Dismissal based on untimeliness* ...........................................*5*
        *2.*    *The statute of limitations and equitable tolling*.......................*7*
    *B.*    *Equitable Tolling Of Ingram's Claims* ..........................................*8*
        *1.*    *Arguments of the parties*...................................................*9*
        *2.*    *Analysis* .......................................................................*10*
    *C.*    *Timeliness Of Claims Based On "New Facts"*.............................. *12*
        *1.*    *Arguments of the parties*.................................................. *12*
        *2.*    *Analysis* ....................................................................... *13*
    *D.*    *Certificate Of Appealability*..................................................... *16*

*III.*  *CONCLUSION* ................................................................................ *17*

On August 27, 2014, petitioner Michael Ingram filed his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). Ingram seeks relief, on various grounds, from his May 12, 2009, sentence to 240 months of imprisonment on a conviction for conspiring to distribute and to possess with intent to distribute crack cocaine after a prior felony drug conviction in violation of 21 U.S.C. §§ 846 and 851. This case is now before me on the respondent's December 31, 2014, Motion To Dismiss (Civ. docket no. 3), in which the respondent argues that Ingram's § 2255 Motion is untimely. In response, Ingram asserts equitable tolling of the statute of limitations and the timeliness of certain claims, based on "new facts," pursuant to 28 U.S.C. § 2255(f)(4).

## I. INTRODUCTION
### A. *Criminal Proceedings*

On March 5, 2008, a jury found Ingram guilty of conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine. *See* Verdict Form (Crim. docket no. 131). On June 5, 2008, I denied Ingram's Motion For Judgment Of Acquittal Or In The Alternative Motion For New Trial. *See* Memorandum Opinion And Order (Crim. docket no. 149). On February 4, 2008, prior to trial, the prosecution had filed a Notice Of Intent To Seek Enhanced Penalties Pursuant To 21 U.S.C. § 851 (Crim. docket no. 86). Ingram did not indicate an intent to object to the requested enhancement until he filed his Response To 21 U.S.C. § 851 Filing (Crim. docket no. 156) on June 13, 2008, the last business day before his sentencing hearing on June 16, 2008. At Ingram's first sentencing hearing, I ruled that the prosecution had failed to prove a prior conviction under § 851 and sustained Ingram's objection to a § 851 enhancement.

Sentencing Hearing Minutes (Crim. docket no. 160). The prosecution requested, and I granted, leave to file an interlocutory appeal, and I deferred sentencing until such an appeal was decided. *See id*.

In a *per curiam* decision, handed down February 2, 2009, the Eighth Circuit Court of Appeals reversed and remanded with directions to afford the prosecution another opportunity to attempt to prove that the Illinois code section cited in pertinent court records as the statute under which Ingram had been previously been convicted defined a felony drug conviction. *See* Opinion (Crim. docket no. 187); Amended Opinion (Crim. docket no. 190). Consequently, I held the second part of Ingram's sentencing hearing on March 24, 2009. *See* Sentencing Hearing Minutes (Crim. docket no. 199). I continued that sentencing hearing, however, to allow the parties to brief certain remaining issues. *See id*.

I ultimately concluded Ingram's sentencing hearing on May 8, 2009. *See* Sentencing Hearing Minutes (Crim. docket no. 206). In a Memorandum Opinion (Crim. docket no. 207), filed May 11, 2009, I registered my disagreement with the appellate court's decision to grant the prosecution a "second bite at the apple" to prove Ingram's prior felony conviction, but concluded, nevertheless, that the prosecution had done so on that "second bite." *See United States v. Ingram*, 613 F. Supp. 2d 1069 (N.D. Iowa 2009). Therefore, I sentenced Ingram to a "doubled" mandatory minimum sentence of 240 months pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, and Judgment entered on May 12, 2009. Judgment (Crim. docket no. 208).

Ingram filed a Notice Of Appeal (Crim. docket no. 209) on May 13, 2009. In an Opinion (Crim. docket no. 229), filed in our court on February 11, 2010, the Eighth Circuit Court of Appeals affirmed Ingram's conviction and sentence. On June 15, 2010, the same counsel who had represented Ingram in the trial court and on appeal (criminal counsel) filed a Petition For Writ Of *Certiorari* (Crim. docket no. 234) on Ingram's

3

behalf. On October 8, 2010, the United States Supreme Court denied Ingram's Petition For Writ Of *Certiorari*. *See* Crim. docket no. 235. Subsequent proceedings in Ingram's criminal case in this court do not appear to be relevant to the disposition of the Motion To Dismiss now before me.

### B. *Ingram's § 2255 Motion*

As noted, above, on August 27, 2014, Ingram filed his *pro se* § 2255 Motion. Ingram asserts the following grounds for § 2255 relief: (1) ineffective assistance of appellate counsel in failing to follow through and use reasonable diligence to inform Ingram of the denial of his Petition For Writ Of *Certiorari* and ignoring Ingram's requests for information about the status of that Petition; (2) violation of Ingram's Eighth Amendment rights as the result of the § 851 enhancement of his sentence; (3) violation of "the original meaning of the Constitution" by removal of the determination of Ingram's prior conviction from the province of the jury; and (4) violation of equal protection and due process rights as a result of the § 851 enhancement of Ingram's sentence. Ingram attached to his § 2255 Motion a *pro se* brief, which he identified as stating the facts supporting each of his grounds for relief, as well as an affidavit of one Fredetta Gibson, concerning her inquiries, on Ingram's behalf, to Ingram's criminal counsel concerning the status of his Petition For Writ Of *Certiorari*. In an Initial Review Order (Civ. docket no. 2), filed October 27, 2014, I directed the Clerk of Court to appoint counsel (*habeas* counsel) to represent Ingram in these proceedings and directed the respondent to move or plead in response to Ingram's § 2255 Motion on or before December 29, 2014.

On December 31, 2014, the respondent filed the Motion To Dismiss (Civ. docket no. 3) now before me, asserting that Ingram's § 2255 Motion is untimely and that the one-year statute of limitations has not been equitably tolled. Ingram filed a Response (Civ. docket no. 5), with the assistance of *habeas* counsel, on January 30, 2015, to which

4

he attached an affidavit from *habeas* counsel and an affidavit of his own. The respondent filed a Reply (Civ. docket no. 6) on February 5, 2015.

There, unfortunately, this matter languished for more than a year, owing to the press of other business and clerical oversight by chambers staff.

## II. LEGAL ANALYSIS
### A. Standards For A Motion To Dismiss
#### 1. *Dismissal based on untimeliness*

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure. *See, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003). Those rules include Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a one-year "period of limitation" or "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, the "limitation period" is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for "failure to state a claim upon which relief can be granted," rather than pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. *Cf. Wong v. Wells Fargo Bank, N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred.").

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[1] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Ingram's § 2255 Motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case.

---

[1] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket and documents filed in the underlying criminal case, from which Ingram seeks § 2255 relief, and the documents filed on Ingram's direct appeal, because they are "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

### 2. *The statute of limitations and equitable tolling*

As the Eighth Circuit Court of Appeals has explained, "[T]he Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)). More specifically, as amended by the AEDPA, 28 U.S.C. § 2255(f) provides four different "triggers" for the running of the one-year statute of limitations, as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because the one-year statute of limitations in § 2255(f) is not "jurisdictional," it may be "equitably tolled." *See Muhammad*, 735 F.3d at 815. The Eighth Circuit Court of Appeals summarized the requirements for "equitable tolling," as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions).

*Muhammad*, 735 F.3d at 815. The appellate court reviews the disposition of an equitable tolling claim *de novo*. *Id*.

### B. *Equitable Tolling Of Ingram's Claims*

The respondent contends, and Ingram does not dispute, that Ingram's August 27, 2014, § 2255 Motion was filed more than one year—indeed, nearly four years—after denial of his Petition For Writ Of *Certiorari* on October 8, 2010, assuming that the applicable "trigger" for the running of the statute of limitations is § 2255(f)(1). Thus, the first question is whether Ingram's assertion of equitable tolling, in his Response to the respondent's Motion To Dismiss, precludes dismissal.

8

## 1. Arguments of the parties

The respondent contends, in its Motion To Dismiss, that Ingram's § 2255 Motion is not only untimely, but that no "extraordinary circumstances" warrant equitable tolling of his deadline to file his § 2255 Motion. In response, Ingram contends that his criminal counsel's utter failure to inform him of the status of his Petition For Writ Of *Certiorari* and refusal to respond to his various inquiries about that Petition establish the required "extraordinary circumstances" for equitable tolling. He argues that he was ignorant of the fact that the United States Supreme Court had denied his Petition until May of 2014, when Fredatta Gibson, acting as his "liaison," learned from his criminal counsel that the Petition had, in fact, been denied years earlier. Ingram points out that his criminal counsel's file, which was provided to his *habeas* counsel, contains no communication records of any kind, even though *habeas* counsel had requested the "entire file." Ingram contends that communication with a defendant is an essential function of defense counsel and that criminal counsel's utter failure to communicate, here, amounted to "abandonment," which constitutes "extraordinary circumstances" for purposes of equitable tolling, pursuant to *Maples v. Thomas*, ___ U.S. ___, 132 S. Ct. 912 (2012).

In reply, the respondent argues that Ingram has failed to substantiate his claim that his criminal counsel failed to communicate with him, because Ingram has submitted no copies of letters in which he attempted to contact his counsel. More importantly, the respondent argues, Ingram has completely overlooked the "diligence" prong of equitable tolling. On that prong, the respondent points out that Ingram does not explain why, in the four years that passed between the denial of his Petition For Writ Of *Certiorari* and the filing of his § 2255 Motion, he or his "liaison" did not request new counsel, did not contact the clerk of the district court regarding his case, and did not file any request for a status update, all of which were within his ability.

*2. Analysis*

I will assume, without deciding, that Ingram's criminal counsel's failure to communicate with him constituted "extraordinary circumstances" that might warrant equitable tolling. *See Muhammad*, 735 F.3d at 815 (explaining that equitable tolling requires, *inter alia*, that some extraordinary circumstance stood in the petitioner's way and prevented timely filing of his § 2255 motion). Suffice it to say that I certainly do not condone criminal counsel's failure to communicate with Ingram, either at the time that Ingram's Petition For Writ Of *Certiorari* was denied or in response to Ingram's various inquiries. Nevertheless, I find that the dispositive prong of Ingram's equitable tolling argument is "diligence." *See id.*

The Eighth Circuit Court of Appeals has explained, "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Id.* at 816 (quoting *Holland*, 560 U.S. at 653, with internal citations and quotation marks omitted). I have previously held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed. *See Koons v. United States*, 995 F. Supp. 2d 905, 915 (N.D. 2014). Even so, "reasonable diligence" requires a prisoner to do something more than watch the statute of limitations run out, where the record would show to a duly diligent person that the statute of limitations was running. *Cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding that the prisoner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered). Furthermore, an evidentiary hearing is not necessary on the question of equitable tolling, if it is "apparent that a duly diligent person

in [the prisoner's] circumstances would have discovered" the status of the prisoner's criminal case "well . . . before he filed his [§ 2255] motion." *Id.* at 818.

It is apparent, here, that a duly diligent person in Ingram's circumstances would have discovered that the United States Supreme Court had denied his Petition For Writ Of *Certiorari* well before he filed his § 2255 Motion and, indeed, well before *four* years had run. *Id.* Conspicuously absent from the affidavits offered by Ingram to support his claim that his criminal counsel was uncommunicative is any clear indication of when Ingram or his "liaison" finally began asking criminal counsel about the status of his case. Ms. Gibson's Affidavit, which is attached to Ingram's § 2255 Motion, states only that, "in the last two years"—that is, the two years prior to the filing of his § 2255 Motion in August of 2014—she acted as a "liaison" between Ingram and his criminal counsel. *See* § 2255 Motion, Affidavit of Fredetta Gisbson (Civ. docket no. 1-2), ¶ 2. The statute of limitations for any § 2255 Motion had already run, however, more than a year before Ms. Gibson's efforts purportedly began. Ingram's own statement that, "following the conclusion of his direct appeal, and since the submission of his Petition to the Supreme Court, [he] repeatedly inquired with Appointed Counsel as to the status of [his] Supreme Court Petition" is too vague to establish whether those inquiries were reasonably "diligent."

More importantly, as the respondent points out, even though Ingram's criminal counsel was clearly uncommunicative, nothing prevented Ingram or his "liaison" from requesting new counsel, contacting the clerk of the district court regarding the status of his case, or filing a request for a status update, well before April or May of 2014. The public docket in Ingram's criminal case clearly indicates that the United States Supreme Court denied his Petition For Writ Of *Certiorari* on October 8, 2010. *See* Crim. docket no. 235. Nothing prevented Ingram from asking someone other than his criminal counsel to check what was on the public docket or calling or writing the clerk of court for the

11

district court, himself, to request such a docket check. *Cf. Anjulo-Lopez*, 541 F.3d at 818-19 (finding that the petitioner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Ingram is not entitled to equitable tolling of his § 2255 Motion, and the respondent's Motion To Dismiss is granted to that extent.

### C. Timeliness Of Claims Based On "New Facts"

In addition, or in the alternative, to his equitable tolling argument, Ingram argues that his § 2255 Motion is timely pursuant to a different "triggering" provision, § 2255(f)(4), which provides that the one-year period runs from the time that the petitioner discovers new facts. Ingram's *habeas* counsel points specifically to Ingram's fourth ground, which is for violation of equal protection and due process rights as a result of the § 851 enhancement of his sentence. Ingram's *pro se* brief, attached to his § 2255 Motion, however, also suggests that Ingram is arguing that this timeliness argument applies to his second ground for relief, which is that his § 851 enhancement violates the Eighth Amendment.[2] The respondent disputes Ingram's contention that this claim is based on "newly discovered facts."

#### 1. Arguments of the parties

Ingram contends that, on August 16, 2013, in *United States v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa 2013), I revealed the "jaw-dropping" disparity in the

---

[2] This appears to be so, because much of Ingram's *pro se* briefing of his Eighth Amendment challenge to his § 851 enhancement, in the brief attached to his § 2255 Motion, also appears to rely on my August 16, 2013, decision in *United States v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa 2013).

imposition of 21 U.S.C. § 851 enhancements between this district and other federal districts. Ingram argues that the information on which the *Young* decision was based was impossible for an incarcerated person to discover—indeed, he points out that the prosecutor in the *Young* case was unaware of this disparity. Ingram contends that some reasonable period of time had to elapse between the filing of the *Young* decision, its appearance in the prison library system, and his discovery of it. Thus, he contends that his § 2255 Motion incorporating claims based on the "new facts" about the disparity disclosed in *Young* were timely filed just over a year after the *Young* decision was filed. He contends that prior decisions addressing the constitutionality of prosecutorial discretion and other aspects of § 851 did not give notice of the possible viability of his *as applied* challenges.

The respondent's terse reply is that *Young* does not render § 851 unconstitutional. Thus, the respondent argues, the discussion in *Young* of disparities in application of § 851 among the federal districts does not qualify as "new facts" to support Ingram's claims for relief relating to his § 851 enhancement.

### 2. *Analysis*

Section 2255(f)(4) states that the one-year statute of limitations begins to run, under that provision, from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). As the Eighth Circuit Court of Appeals has explained,

> "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir.2008) (internal quotation marks omitted). Due diligence does not require repeated exercises in futility or exhaustion of

13

every imaginable option, but it does require "reasonable efforts." *Id*. at 818.

*Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013).

I disagree with the respondent's apparent contention that the *Young* decision would only be a "new fact" within the meaning of § 2255(f)(4) if it held that § 851 was unconstitutional. Such a holding, which certainly is not to be found in the *Young* decision, would be "new law," not a "new fact." The respondent misses the point that the "new facts" on which Ingram relies are the facts presented in *Young* about the disparate application of § 851 among the various federal districts, not the *Young* decision itself.[3] Because the respondent has missed the point, the respondent has *not* argued that the *facts* disclosed in the *Young* decision, and referenced in Ingram's *pro se* brief in support of his § 2255 Motion, about the disparate application of § 851 among the various federal districts, do not plausibly support any of Ingram's claims that § 851 is unconstitutional as applied to him.

A straight-forward application of § 2255(f)(4), therefore, shows that Ingram's claims relating to the constitutionality of § 851, because of its disparate application among the federal districts, are timely. First, Ingram has shown the existence of "new facts." *See Deroo*, 709 F.3d at 1245. My decision in *Young* points out that the Sentencing Commission's "first and only, additional targeted coding and analysis project on nationwide application of 21 U.S.C. § 851 recidivist enhancements [was] as part of the Report To The Congress: Mandatory Minimum Penalties In The Federal Criminal Justice System (Commission's 2011 Report)." 960 F. Supp. 2d at 892. Thus, the Commission's

---

[3] Furthermore, the *Young* decision cannot be "new law" that would trigger the running of the statute of limitations, because only "new law" recognized and made retroactive by the United States Supreme Court, not "new law" recognized by a federal district court, would trigger the running of the statute of limitations, and then under 28 U.S.C. § 2255(f)(3), not under § 2255(f)(4).

14

2011 Report was not published until about or *after* the one-year statute of limitations for Ingram's § 2255 Motion had run. The *Young* decision provides an analysis of the "new" data about the application of § 851 revealed by the Commission's 2011 Report, 960 F. Supp. 2d at 892-902, which, to the best of my knowledge and belief, was a publication of "new" facts, or at least "new" factual comparisons that might be specifically relevant to Ingram's case, almost two more years after the Commission's 2011 Report.

Second, Ingram has demonstrated "that he acted with diligence to discover the new fact[s]." *See Deroo*, 709 F.3d at 1245. Only "maximum feasible diligence," not the "reasonable diligence" required, *see id.*, could have led an incarcerated person to discover the Commission's 2011 Report and to make the comparisons identified in my *Young* decision, without that decision, in light of the limited library resources generally available to prisoners. The respondent does not dispute, and I agree with, Ingram's contention that some reasonable period of time had to elapse between the filing of the *Young* decision, its appearance in the prison library system, and his discovery of it. Again, I have held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed, but must act only with "reasonable diligence." *See Koons*, 995 F. Supp. 2d at 915. Similarly, I now hold that a prisoner does not have to act "immediately" after learning of "new facts" that might support a claim for § 2255 relief, but must only act with "reasonable diligence." I find that Ingram has met that requirement by filing his § 2255 Motion, asserting claims based on "new facts" about the disparate application of § 851, only a few days past one year from the publication of *Young*, and less than one year after he was reasonably likely to have actually discovered that decision.

While I take no position at this time on the merits, or even the factual plausibility of the pleading, of Ingram's claims based on disparate application of § 851, I do find that

15

those claims are timely under § 2255(f)(4). Therefore, the respondent's Motion To Dismiss is denied as to those claims.

### D. *Certificate Of Appealability*

Dismissal of some of Ingram's claims for § 2255 relief as untimely raises the question of whether or not he is entitled to a certificate of appealability on those claims. In order to obtain a certificate of appealability on those claims, Ingram must make a substantial showing of the denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude that Ingram has failed to make a substantial showing that his arguments that any of his claims are equitably tolled are debatable among reasonable jurists, that a court could resolve differently any of the issues raised concerning equitable tolling of those claims, or that any question as to equitable tolling of those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to equitable tolling of Ingram's claims. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El*, 537 U.S. at 335-36; Cox, 133 F.3d at 569.

### III. CONCLUSION

Upon the foregoing,

1. The respondent's December 31, 2014, Motion To Dismiss (Civ. docket no. 3) is **granted in part and denied in part**, as follows:

    a. That part of the Motion seeking dismissal of claims as untimely, because the one-year statute of limitations in 28 U.S.C. § 2255(f)(1) is not equitably tolled, is **granted**; but

    b. That part of the Motion seeking dismissal of claims relating to the disparate application of 21 U.S.C. § 851 as untimely is **denied**, because I find that those claims are timely pursuant to 28 U.S.C. § 2255(f)(4).

2. Consequently, the following claims in Ingram's August 27, 2014, *pro se* § 2255 Motion (as originally numbered) are **dismissed**: (1) ineffective assistance of appellate counsel in failing to follow through and use reasonable diligence to inform Ingram of the denial of his Petition For Writ Of *Certiorari* and ignoring his requests for information about the status of that Petition; and (3) violation of "the original meaning of the Constitution" by removal of the determination of Ingram's prior conviction from the province of the jury. No certificate of appealability shall issue from this court as to the dismissal of these claims.

3. Ingram shall have **to and including March 11, 2016,** to file an Amended § 2255 Motion, with the assistance of *habeas* counsel, asserting his claims of violation of his Eighth Amendment rights as the result of the § 851 enhancement of his sentence (originally numbered (2)); and violation of equal protection and due process rights as a result of the § 851 enhancement of his sentence (originally numbered (4)).

4. The respondent shall have **to and including April 11, 2016,** to file either an answer in accordance with Rule 5(b) of the Rules Governing Section 2255 Proceedings or an appropriate motion.

5. The court will set a further briefing schedule, as appropriate, after the filing of the respondent's answer or motion.

**IT IS SO ORDERED**.

**DATED** this 9th day of February, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA